# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 17-10926
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

April 27, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KENYAN DEON BUCHANAN,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-39-1

———————

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Kenyan Deon Buchanan appeals his conviction of possession of a firearm by a convicted felon in violation of 18 U.S.C. §922(g)(1). He has filed an unopposed motion for summary disposition of his appeal, conceding that his arguments raised for the first time on appeal are foreclosed by this court's precedents. He raises the arguments solely to preserve them for possible further review.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10926

Although Buchanan argues that § 922(g) is unconstitutional because it regulates conduct that falls outside of the Commerce Clause in the Article I, § 8, of the Constitution, we rejected that argument in *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013). Further, while Buchanan contends that this court's construction of §922(g) is contrary to the plain language of the statute, we have held that evidence that "the firearm traveled in or affected interstate commerce" suffices to establish the interstate-commerce "nexus" required by § 922(g)(1). *United States v. Gresham*, 118 F.3d 258, 265-66 (5th Cir. 1997). We have also rejected the arguments, like Buchanan's, that a conviction under § 922(g) requires proof that a defendant knew that the firearm he possessed had traveled in interstate commerce and that he was a prohibited person. *United States v. Butler*, 637 F.3d 519, 524 (5th Cir. 2011); *United States v. Rose*, 587 F.3d 695, 705-06 (5th Cir. 2009).

Accordingly, because summary disposition is appropriate, Buchanan's unopposed motion for summary disposition is GRANTED, and the district court's judgment is AFFIRMED. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).